148 So. 884

MATHE v. MATHE.

No. 32368.

May 29, 1933.

M'Caleb & M'Caleb and Arthur B. Leopold, all of New Orleans, for relator.

ROGERS, Justice.

Relator brought suit against his wife for a separation from bed and board, and prayed for the sequestration, on giving bond, of certain movable and immovable property in her possession. Relator also asked for an inventory and partition of the property, and for the appointment of a notary and appraisers. The judge of the district court refused to sign the order for sequestration, and relator has invoked the supervisory powers of this court for a writ of mandamus directing him to do so.

The property relator is seeking to sequester consists of the contents of two bank boxes and the rents and revenues from certain real estate. The bank boxes and the real estate are in defendant's name, but relator alleges that the contents of the boxes as well as the real estate belong to the matrimonial community.

Relator bases his demand for the sequestration of the alleged community property on paragraphs 3 and 8 of article 275 of the Code of Practice, as amended by Act No. 190 of 1912, averring that "it lies within the power of the defendant to * * * part with, or dispose of the movable * * * during the pendency of the suit."

Relator, in his application for mandamus, alleges that the judge of the district court refused the sequestration on the ground that relator's exclusive remedy was by injunction.

But relator is not wholly correct in his appreciation of the reasons assigned by the judge a quo for refusing him the particular relief sought. The respondent judge, in his return to the rule nisi herein issued, declares that he refused to order the sequestration of the rents and revenues of the real estate, because relator failed to comply with article 275 of the Code of Practice; and that he refused to order the sequestration of the contents of the bank boxes, because the writ is too harsh and vexatious and is entirely unnecessary to protect relator's rights, which can be amply protected by injunction.

Paragraph 3 of article 275 of the Code of Practice reads as follows, viz.: "When one claims the ownership or the possession of real property, and has good ground to apprehend that the defendant may make use of his possession to dilapidate or to waste the fruits or revenues produced by such property, or convert them to his own use." The ground alleged for the writ is "that the rents and revenues from the real estate described herein should also be sequestered by the Civil Sheriff of this parish (Orleans) in order to protect petitioner's rights."

■■ The allegation is not sufficient to warrant the writ. Relator does not allege, as required by the codal article, that he has good ground to apprehend that the defendant may make use of her possession to dilapidate or waste the rents or revenues produced by the property or will convert them to her own use.

There is no allegation that relator apprehends anything, but merely his declaration that the rents and revenues should be sequestered in order to protect his rights. The case in this respect is strikingly like the case of Pasley v. McConnell, 37 La. Ann. 552, wherein the court held an allegation that a writ of sequestration is necessary to maintain the property pending the litigation in order that the revenues may be promptly collected is insufficient. There should be apprehension of waste or of conversion to use. Sequestration is a rigorous remedy, and cannot be extended by implication nor beyond those cases for which the law has expressly provided.

Paragraph 8 of article 275 of the Code of Practice reads as follows, viz.: "A sequestration may be ordered in all cases, when one party fears that the other will conceal, part with, or dispose of the movable in his possession, during the pendency of the suit, upon complying with the requisites of the law." And Act No. 190 of 1912 declares what shall be deemed sufficient justification for an affidavit for the issuance of the writ under this paragraph of the codal article.

■ The respondent judge concedes that, as to the contents of the bank boxes, relator complied with the codal article as amended by the statute. Nevertheless, as he thought sequestration was too harsh and relator would have ample protection by injunction, he refused the writ.

But a sequestration is no harsher than an injunction. Both are writs of great severity,.

and both must be rigorously construed. Relator believes that sequestration would afford him an adequate remedy, whereas injunction would not. Relator has alleged the statutory ground, and has offered bond for sequestration. Since he has the choice of remedies, we think he should be permitted to pursue the one he has elected to adopt.

For the reasons assigned, the rule nisi herein issued is made absolute to the extent only of directing the respondent judge to issue an order for the sequestration of the contents of the bank boxes described in plaintiff's petition as prayed for by plaintiff; in all other respects the rule is discharged and relator's application is dismissed.

O'NIELL, C. J., is of the opinion that the ruling complained of is correct.